(96 Misc. Rep. 355)

### NEIL v. NEIL et al.

(Supreme Court, Special Term, New York County. May, 1916.)

WILLS ☞449—ESTATES CREATED—CONSTRUCTION.

Where testator, after devising all his estate, real, personal, and mixed, to his wife, and reciting reasons for not providing for his children, recited that he and his wife held certain properties by the entireties, and that, if she survived him, she would therefore take the whole estate, the entire estate passed to her under the will, though they were only tenants in common, and not by the entireties, of such properties; it being his in-

tent to devise all to her, regardless of misunderstanding of the character of their estate.

[Ed. Note.—For other cases, see Wills, Cent. Dig. § 965; Dec. Dig. ⚷449.]

Partition by James Neil against Jessie Neil and others. Judgment for defendants, dismissing the complaint upon the merits.

*Frank H. Richmond*, of New York City, for plaintiff.

Blandy, Mooney & Shipman, of New York City (Charles Blandy and Charles Blandy, Jr., both of New York City, of counsel), for defendant Jessie Neil.

William F. Carell, of New York City, special guardian for infant defendant.

GIEGERICH, J. The action is brought for partition of three parcels of real estate in the borough of Manhattan, city of New York. One question discussed in the briefs submitted is whether the will of James Neil, deceased, passed to the defendant Jessie Neil, his widow, the testator's right, if any survived his death, in the real estate in question. The first paragraph of his will is as follows:

"First. I direct that all my just debts be paid. After such payment and after payment of funeral and testamentary expenses I give, devise and bequeath all my estate, both real, personal and mixed, of every kind and character, wherever the same may be situated, unto my beloved wife, Jessie Neil, to have and to hold the same unto and to her own uses and purposes."

The second paragraph gives reasons why he does not make any testamentary provisions in favor of his various children. There then comes the following statement:

"I have a present interest in one apartment house, No. 524 East One Hundred and Forty-Ninth street, Bronx; another apartment house, No. 3 West One Hundred and Fifteenth street, Manhattan; a tenement house, No. 4 East One Hundred and Thirteenth street, Manhattan, and my residence, No. 74 West One Hundred and Thirty-First street, Manhattan. These several pieces of real estate are held by me jointly with my said wife, Jessie Neil, as tenants by the entirety. Therefore they will pass to the survivor."

On behalf of the plaintiff it is argued that the parcels of real estate referred to in the portion from the will just quoted, and which are the parcels sought to be partitioned by this action, were not in fact held by the testator and his wife as tenants by the entirety with the right of survivorship, but that they were merely tenants in common and that the testator died seised and possessed of an undivided one-half share, and that, as it appears from the statement last quoted from his will that he did not understand that he was disposing of any interest in the properties named by his will, the will should not be held to pass property that he manifestly did not consider he was disposing of by will, and consequently that he died intestate as to such one undivided half interest in the properties mentioned.

I cannot agree with this contention made on behalf of the plaintiff. The testator gives all of his property, both real and personal, to his widow, and makes no provision whatever in favor of any one else, and the will proceeds affirmatively to set forth the reason why he makes no provision for any of his heirs. It appears, furthermore, that he was

of the impression that upon his death his widow would become owner in the entirety of the parcels of real estate mentioned. Under such circumstances it seems clear beyond doubt that the testator intended that his widow should have all of his property, and that he did not intend any part of it to pass to his heirs by intestacy or in any way. Furthermore, quite irrespective of the special circumstances appearing in this will and showing clearly the testator's intention that the testamentary gift to his wife was intended to embrace all his property, it would be a dangerous doctrine to introduce that, if it could be shown that a testator possessed certain property that he was not aware that he possessed, it could be held that such property was not embraced in a general devise or bequest, but that he died intestate as to such property.

The conclusion I reach upon the construction of the will renders it unnecessary to discuss the question whether or not under the deeds the interest of the husband in the property terminated with his death. There should be judgment for the defendants, dismissing the complaint upon the merits, with costs. The requests for findings of the respective parties have been passed upon as indicated upon the margins thereof. Submit for my signature, upon two days' notice of presentation, a decision embodying all findings made by me, with proof of service on the other side.