In the Matter of the Construction of the Will of RITA B. BOEHM, Deceased.

Surrogate's Court, Erie County, January 16, 1951.

*Abraham Roth* for Rita B. Duggan, petitioner.

*Samuel Sapowitch,* in person, as administrator of the estate of Rita B. Boehm, deceased.

*William R. Brennan* for Walter A. Boehm, Sr.

BUSCAGLIA, S. This construction proceeding was brought on by a show cause order obtained by one of the residuary legatees.

The pertinent provisions of the testatrix' will are as follows:

"Seventh: I declare that only Two thousand ninety-one dollars ($2091.00) of the account in The Marine Trust Company is mine and that the balance is my husband's. My portion of said account shall become part of my estate, and to the extent not needed for expenses, shall be distributed in accordance with the provisions I make for my residuary estate."

"Tenth: There are other pieces of real estate in my name only, viz. 175 Allen St., 173 Allen St., 169 Allen St., 152 Allen St., and 78 Park Street, all in Buffalo, New York. However, the ownership of them represents the joint efforts of my husband and myself, in work, savings, improvement, care and management. It would be fair, I believe, to consider and say that his interest is one-half and mine one-half, and I so declare. My one-half interest I shall include as part of my residuary estate. The same applies to the property at Sturgeon Point, but not to

the farm in Evans. I own only a one-fourth interest in the farm property, and my husband owns three-fourths. I include my one-fourth as part of my residuary estate."

The question presented is whether these declarations by the testatrix that certain property belonged to her husband operate as a devise and bequest of the said property. In the first instance it should be mentioned that the court would not hear the testimony of the draftsman of the will. This ruling was made on the ground that the language of the will is in no sense ambiguous and the inquiry is only as to the legal effect of the language used. Extraneous and parol evidence is admissible only when there is an ambiguity and such evidence cannot be used to vary the words of the will or enlarge their meaning. (*Brown* v. *Quintard,* 177 N. Y. 75; *Matter of Dunbar,* 189 Misc. 687.) No authority need be cited for the well-established proposition that the court must strain to so construe the will as to prevent any part of the estate from passing by intestacy. This rule is based upon the theory that no testator intends to have his property pass as in intestacy.

There is no question here of the meaning of the words of the testatrix. The testatrix declares that her husband is the rightful or equitable owner of portions of real and personal property of which she is the owner of record. The testatrix then goes on to dispose of that part of the property to which she claims to be entitled. We are now asked to say that the declaration was, in fact, a devise to the husband. This the court cannot do. It would be absurd to find that the testatrix intended to dispose of the property which she declared she did not own.

There was submitted to the court as precedent the case of *Neil* v. *Neil* (96 Misc. 355) but in that case the testator stated that he was leaving all his real and personal property to his wife. He then made the statement that his wife and he were joint tenants in a part of the real property. This was not so. The court held that since he had left all his property to his widow, a declaration in the will showing that he was not aware of the nature of his interest in certain property did not eliminate that property from the general devise.

There can be no quarrel that the ideal solution here would be for the court to find that the husband is entitled to the property which his wife declared to be his. But in this proceeding our function is only to determine the construction, validity and effect of the terms of the will. It is unambiguous and needs no construction. It is valid since none of its provisions violate any

statutes. The declarations contained in it, while they may be of great benefit to the husband in some other type proceeding, have no dispositive effect and the testatrix did not intend that they should have such effect.

A decree may enter accordingly.