## J. W. VICK v. GEORGE LAROCHELLE.

CORPORATION.  *Shareholder.  Liability for corporate debts.*
    Liability of a stockholder, to the extent of his unpaid subscription, un-
        der Code 1871, § 2413, to a creditor of the corporation, whose debt
        was contracted during his ownership of the stock, is not discharged
        by a release executed by the corporation when solvent in considera-
        tion of a payment in excess of the calls and a surrender of half his
        shares.

ERROR to the Circuit Court of Warren County.

Hon. UPTON M. YOUNG, Judge.

*W. B. Pittman*, for the plaintiff in error.

A solvent corporation can for valuable consideration cancel the subscription of one of its subscribers to its capital stock.

At common law, such a transaction would not be fraudulent as to the company's creditors. It is not forbidden by law, and is within the purposes for which the corporation was chartered. Code 1871, § 2413, does not admit of the construction for which opposing counsel contends. Only instalments that have been called for under the charter and by-laws of the company are "due." The word "unpaid" includes only sums of money which might become due and payable to the company by future calls or assessments of the stock. Payment is the fulfilment of a promise or the performance of an agreement. Bouvier's Law Dic., title Payment. When it is pleaded, the defendant must prove the payment of money or something accepted in its stead. "Unpaid" is the reverse, and means that the obligation has not been fulfilled, or that the creditor has not received money or something in its stead in satisfaction of the debt. Vick, the debtor, paid the corporation, the creditor, in money and stock, which was its own liability. Nothing remains "due" or "unpaid." The statute in question merely gives a less cumbersome remedy to enforce a right which was before recognized in courts of equity, and by virtue of which creditors of an insolvent corporation could maintain a bill to subject subscriptions for stock due or unpaid. It has been repeatedly held that a settlement like the one at bar relieved the shareholder. *New Albany* v. *Burke*, 11 Wall. 96; *Gelpcke* v. *Blake*, 19 Iowa, 263. In *Upton* v. *Tribilcock*, 91 U. S. 45, the shareholder attempted to set up an outside agreement that he should pay no more assessments, and the agreement was void for want of consideration.

*A. M. Lea*, for the defendant in error.

While it is true that at common law shareholders are not individually liable for corporate debts, yet it is a favorite doctrine of the American Courts that the capital stock as well as other property of a corporation shall be deemed a trust fund for the payment of its debts. Thompson on Stockholders, §§ 10, 11, 15, and notes. The capital stock, subject to the operation of this rule, is all the stock for which the members have subscribed. In the absence of any statutory provision, the cases are numerous in which unpaid subscriptions have been treated as corporate assets, and subjected to

the claims of creditors. Code 1871, § 2413, is, therefore, no enlargement of the shareholders' liability, but by its terms a clear, distinct and several liability at law is imposed upon each holder of stock whose share is not fully paid up. This is merely a remedy added to the one already existing in equity by which unpaid subscriptions could be reached. *Vick* v. *Lane*, 56 Miss. 681; Thompson on Stockholders, §§ 37, 38. The statutory liability can be avoided only by an actual payment of the subscription or a transfer of the stock. The plea sets up neither, but only an arrangement with the company, which cannot affect the creditor. Thompson on Stockholders, §§ 200, 201, 205, and notes. In fact the arrangement is *ultra vires*. *Burke* v. *Smith*, 16 Wall. 390. Every such arrangement which diminishes the capital stock is a fraud upon the other stockholders, upon the public, and upon the creditors of the company. *Upton* v. *Tribilcock*, 91 U. S. 45. Our statute under which this action is brought is only in aid of the doctrine announced in those cases, and of a wise public policy. To sustain the arrangement set out in the plea will furnish an easy process by which corporations and their stockholders can thwart its salutary purpose.

CAMPBELL, J., delivered the opinion of the court.

The substance of the plea demurred to is, that the defendant had been released by the corporation, at a time when it was solvent, from further liability on his subscription for stock, in consideration of a payment by him of a part of his subscription, which was in excess of the calls made upon stockholders by the company, and a surrender by him of one half of his shares of stock. The declaration shows that the defendant was a stockholder in the corporation, when the debt sued on was contracted. The plea seeks to avoid the liability of the defendant to the creditor of the corporation, by the act of the corporation in releasing him from his subscription, upon his payment for part of his stock and his surrender of. the remainder. The demurrer presents the question of the sufficiency of the release by the company as a discharge to the defendant from liability to the creditor of the corporation.

The statute, § 2413 of the Code, provides that "each stock-

holder shall be individually liable for the debts of the corporation, contracted during his ownership of stock, for the amount or balance that may remain due or unpaid for the stock so subscribed for by him, and may be sued by any creditor of the corporation, and such liability shall continue for one year after the sale or transfer of the stock." The interpretation of this statute is not a matter of difficulty or doubt. Its object and effect are plainly indicated. " The amount or balance that may remain due or unpaid," meant by the statute, is so much of the amount subscribed for stock as has not been paid according to the terms of the subscription. The subscriptions for stock constitute the means of the company, on the faith of which credit is given, and each subscriber for stock is liable for all debts contracted during his ownership of stock, and for one year after he has transferred it to another to the amount of his subscription not paid according to its terms. A release by the corporation, without payment of the amount of the subscription does not affect the right of the creditor to hold the stockholder to his statutory liability. A failure of the corporation to call for payment of stock subscriptions, or any concession by it to the stockholder who has not paid his subscription, does not affect the right of the creditor to collect his debt from the stockholder to the extent of the amount of his subscription for stock which remains unpaid. Actually unpaid, whatever may have occurred between the subscriber and the corporation, is what the statute means.

*Judgment affirmed.*