HAWLEY S. HEPBURN *v.* JAMES KINCANNON.

NATIONAL BANK. *Receiver.   Stockholder.*

The receiver of a national bank can recover of a stockholder therein on a note given to the bank for capital stock.

FROM the circuit court of Lee county.

HON. NEWNAN CAYCE, Judge.

This was a suit upon two promissory notes executed by appellee to a national bank. The bank was placed in the hands of a receiver, appellant being appointed receiver. The second, fourth, and amended sixth pleas all averred, in variant forms, that the notes were executed for subscriptions to the capital stock of the bank. The plaintiff demurred to each of these pleas, and the court below overruled the demurrers. Judgment was rendered for defendant, and plaintiff appealed.

*J. Q. Robbins*, for appellant.

The question is as to the validity of a note given for capital stock of a national bank. Is such a note valid and collectible? Our contention is that such a note is valid and collectible between the parties. The sections of the revised statutes of the

United States upon which the defense is based are sections 5140, 5141, 5142, and 5201. It will be observed that while these sections do by implication forbid transaction of the kind set up in the pleas, there is no penalty of the kind here sought to be set up provided for by any of said sections. *Gold Mining Co.* v. *First National Bank,* 96 U. S., 640. This case refers to and approves *Harris* v. *Runnolds,* 12 How. (U. S.), 79, wherein the court held that the whole statute must be looked to; that when negroes were carried into a state and sold, contrary to a statute, that the purchaser would be forced to pay notwithstanding the statute; that the rule was allowed not for the benefit of either party to the illegal contract, but altogether upon grounds of public policy. So the statute of the United States prohibits a national bank from taking mortgages for securities for loans. But when the mortgagor has given the mortgage, even to secure future advantages, he cannot enjoin its foreclosure. *National Bank* v. *Matthews,* 98 U. S., 621; *National Bank* v. *Whitney,* 103 U. S., 99. In the case at bar the statute only by implication forbids transactions of this kind, and provides no such penalty as is insisted on. *Fortier* v. *N. O. Bank,* 112 U. S., 439; *Oates* v. *National Bank,* 100 U. S., 239; *National Bank* v. *Case,* 99 U. S., 628; *Logan County Bank* v. *Townsend,* 139 U. S., 67; *Thompson* v. *St. Nicholas National Bank,* 146 U. S., 240.

*W. L. Clayton,* for appellee.

The law governing the case is that of the acts of congress on the subject of national banks, and the question, therefore, arises as to the validity of a note given for the capital stock of such a bank. Is such a note valid and collectible? The law is emphatic that no such associations shall begin and carry on business unless they have a certain amount of capital in cash paid in, and if, at any time, this capital shall be reduced by failure of some shareholder to pay any assessment and the forfeiture of his stock on that account, so that the capital stock shall be

below that required by the national banking laws, then it must in so many days, be made up to the original amount—the minimum—or the association shall be placed into the hands of a receiver. So, it can be clearly seen that the policy of the law, in relation to these associations, is that the capital stock shall be as is represented—so much cash money. To permit a man to give his note for the capital stock of such associations, would be a fraud upon the law requiring them to have so much capital. If one man can pay, so to speak, in notes for his capital stock, all may do the same, and then we would have an association, under this law, strict as is its provisions, doing business on nothing but the notes of the shareholder of the association. It seems to me that there cannot be any proposition plainer than this, that there cannot be a plain violation of the act of congress on this subject, and then permit the offending association to reap the fruit of such acts. This would be a premium on fraud and a violation of law. *Bank* v. *Lanier*, 11 Wall., 369; *Bullard* v. *National Bank*, 18 Wall., 589; *National Bank* v. *Stewart*, 107 U. S., 676.

Whitfield, J., delivered the opinion of the court.

The only question involved in this case is, whether the receiver of a national bank can collect from a stockholder in said bank a note given for capital stock, and that he can is settled by the cases cited by counsel for appellant, in which the reasons are fully stated. See, especially, *National Bank* v. *Case*, 99 U. S., 628; *Gold Mining Co.* v. *National Bank*, 96 U. S., 640, and *National Bank* v. *Matthews*, 98 U. S., 621, and *Logan County Bank* v. *Townsend*, 139 U. S., 67, a case where, *e converso*, the bank was held liable.

The demurrers to the second, fourth and amended sixth pleas should have been sustained, and are now sustained, the judgment reversed and the cause

*Remanded.*