GIDEON MONTJOY, JR., v. DELTA BANK.

1. PROMISSORY NOTES. *Illegal consideration. Bearer. Innocent transferee.*

A contract violative of public policy, or of a positive rule of law, or against good morals, will not be enforced, even at the suit of an innocent transferee, although it be evidenced by a promissory note payable to bearer.

2. SAME. *Innocent holder. Privilege tax, failure to pay. Code* 1892, § 3408.

A promissory note, payable to a designated person or bearer, given in the course of a business of the payee, upon which a privilege tax was due and unpaid, is not enforceable, even at the suit of an innocent holder.

FROM the circuit court of Leflore county.

HON. F. A. MONTGOMERY, Judge.

The Delta Bank, appellee, was the plaintiff in the court below; Montjoy, Jr., appellant, was defendant there. The circuit court rendered judgment for the plaintiff (Delta Bank), from which the defendant (Montjoy, Jr.) appealed to the supreme court. The facts are stated in the opinion of the court.

*Williamson, Humphries & Gwin*, for appellant.

Does the appellee, the Delta Bank, occupy a more favored attitude under the law than the insurance company or its agent? We insist that the conditions that would make the note null and void in the hands of the insurance company, will and do make it null and void in the hands of the bank when it seeks relief in the courts, and the defendant invokes the aid of the statute.

The statute was not enacted for the benefit of the defendant, but enacted to aid the state in collecting revenue. The penalties are intended to compel those who embark in business on which the tax is fixed to pay the tax required by law.

The statute not only prevents the maintaining of the suit by the delinquent taxpayer, but goes further and declares no suit shall be maintainable on the contract which has been made and results from the business on which the privilege tax has not been paid.

"Incurable infirmity infected the contract and it was in no way helped by transfer, however innocent may have been the transferee or what value was paid." Such is the language of this court in *Deans* v. *Robertson*, 64 Miss., 195.

*Rush & Gardner*, for appellee.

Appellant seems to think that the decision of this court in the case of *Deans* v. *Robertson*, 64 Miss., 195, is decisive of this suit. This we deny. The point relied upon here was not made in that case. The decision in that case, as we understand it, amounts to this, or decides this, that the note in that suit being uncollectible because of the failure of Robertson & Company to pay a privilege tax license, was also uncollectible in the hand of the assignee. The bank in this case is not an assignee, therefore the decision in that case can have no bearing on this. The note in the *Deans* v. *Robertson* case, we take it, was a note payable to order.

The bank does not derive title to the note now sued on from

the payee; we do not claim under any assignment. We ask to be permitted to quote the language of Judge Story in *Bullard* v. *Bell*, 1 Mason, 251. He says: "A note payable to bearer is often said to be assignable by delivery; but, in correct language, there is no assignment in the case. It passes by mere delivery, and the holder claims merely as bearer. The note is an original promise by the maker to any person who shall become the bearer. It is, therefore, payable to any and every person who successively holds the note *bona fide*, not by virtue of any assignment of the promise, but by an original and direct promise moving from the maker to the bearer." Also see *Craig* v. *Vicksburg*, 31 Miss., 216; *Hart* v. *Taylor*, 70 Miss., 655, and *Bank* v. *Wofford*, 71 Miss., 711.

Woods, C. J., delivered the opinion of the court.

This case was submitted for decision to the trial court, a jury having been waived, on an agreed statement of facts, and judgment entered in favor of the appellee, from which action of that court this appeal is prosecuted.

The facts are these: Montjoy, the appellant, took out a policy of insurance in the Connecticut Indemnity Insurance Co. for $10,000, and gave his promissory note to one Cruikshank, the agent of said company, for the sum of $180.70, for the premium of said policy. The note was payable to Cruikshank or bearer, and, before maturity, was sold to and purchased by the appellee, the Delta Bank, without notice of any defense thereto, and that, at the time said note was given and said policy was issued, the said insurance company was doing business in this state without having paid its privilege tax. The question is, was the note collectible by the bank by suit, it having been made payable to Cruikshank or bearer? The answer to this question seems to be found in the opinion of this court in *Deans* v. *Robertson*, 64 Miss., in which it is said: " The notes, and deed of trust to secure them, were " null and void, " by § 587 of the code, in the hands of W. H. Robertson &

Co., and any person deriving from them. Incurable infirmity infected the contract, and was in no way helped by the transfer, however innocent may have been the transferee or what value was paid. The claim that the statute applies only to the contract in the hands of the guilty violator of the law is not sound.''

The able counsel for the appellee appears to concede that the opinion just quoted is broad enough to cover the present case, but they argue that, as the transfer of the notes and trust deed in *Deans* v. *Robertson* was by indorsement, we may assume that the language employed by the court in that case must be limited to transferees holding by an assignment in writing, and that the transferee in that case acquired title to notes payable to order, and not to bearer, and was the assignee of the paper by written indorsement.

There are two answers that may be made to counsel's contention: (1) There is nothing in the record of *Deans* v. *Robertson*, or in the briefs of counsel in that case, to show that the notes were payable to order, and not to bearer. (2) The court in that case employs the words '' transfer '' and '' transferees '' —terms comprehensive enough to embrace holders of paper by delivery, or assignment by written indorsement—paper payable to bearer or order.

Independently of what was held in *Deans* v. *Robertson*, it is insisted, for appellees, that the holder of the paper (in this case payable to bearer) derives his title to it from its own terms, and that it is an original promise by the maker to pay any person who may become the bearer. Ordinarily this rule of commercial law would put an end to controversy, but in such case as the present the rule does not prevail. If the agreement to pay anyone into whose hands the contract may come is violative of public policy, or a rule of positive law, or against good morals, the courts will not lend their aid to its enforcement.

Now, our statute declaring contracts made by persons who have not paid their privilege taxes unenforceable by suit was not enacted for the benefit of debtors, but in pursuance of a

public policy to coerce payment of taxes for the support of government, and to require all persons to bear their just proportion of the burdens imposed to that end. If those contracts, "infected with incurable infirmity," may be violated and defeat the spirit and letter of a positive law by the simple expedient of making all paper taken by the guilty violator payable to bearer, then indeed will the statute largely, if not wholly, fail to carry out the purpose contemplated by its enactment.

The bearer of a note containing a contract founded on a violation of any principle of public policy, or a rule of positive law, occupies no better situation than any other person holding such paper. This is distinctly recognized as sound law in *Craig* v. *Vicksburg*, 31 Miss., and *Hart* v. *Taylor*, 70 Miss.

*Reversed.*