JESSE T. ALFORD *v.* LAUREL IMPROVEMENT COMPANY.

1. CORPORATIONS. *Shares of stock. Certificate. Replevin.* Code 1892, § 850.
   Replevin will not lie against a corporation for the recovery of a certificate for shares of its capital stock by a subscriber therefor who has not fully paid for the stock, and it makes no difference that he has given the corporation his note therefor, since Code 1892, § 850, forbids that a note shall be received as payment of a subscription to the capital stock of any corporation.

2. SAME. *Doubling capital stock.*
   Where a note was given for stock subscribed for, and the certificate therefor was held by the corporation as security for the note, and the capital was then doubled and another certificate written in the name of the subscriber, he was not entitled to the possession of it.

FROM the circuit court of Jones county.

HON. JOHN R. ENOCHS, Judge.

Alford, the appellant, was plaintiff, and the improvement company, the appellee, defendant in the court below. The action was replevin for a certificate of stock in defendant company. From a judgment in defendant's favor the plaintiff appealed to the supreme court.

The Laurel Improvement Company, defendant corporation, sold $2,000 of its stock to appellant, taking his note for the $2,000 in payment therefor, and by agreement held the note and the certificate of stock as collateral security for the note. Afterwards the capital stock of the corporation was doubled, and another certificate of $2,000 was written to Alford, but not delivered to him. It was pinned to his note along with his original certificate, and held as security for the note, which had never been paid. The action was for the recovery of this second certificate.

*R. E. Halsell,* for appellant.

*Olin C. Hunt,* for appellee.

TRULY, J., delivered the opinion of the court.

It is perfectly apparent on a careful inspection of this record that appellant's right to have delivered to him any certificate of stock in the Laurel Improvement Company was dependent solely on his payment of the promissory note given for the par value of the stock subscribed for by him in the first instance. The subsequent issue of stock under the guise of a fictitious dividend, by which each holder of stock had his holding doubled, gave appellant no right to demand delivery of the stock gratuitously issued, because he had never paid for the stock originally issued to him, and hence no title vested in him. This would be true, as a matter of law, even in the absence of the understanding that both certificates of stock were to be retained by the company as collateral security for

the promissory note given for the par value of the first stock certificate. Appellant's own statement convinces us that this was the implied, if not the express, understanding with regard to the certificate which he now seeks to have delivered to him. The statute (Code 1892, § 850) expressly forbids that any note or obligation shall be received or considered as payment of a subscription to the capital stock of any corporation, the plain intendment of the law being that all stock must be fully and actually paid for, while in the instant case there is only the barest pretense that appellant ever parted with any valuable consideration for any portion of the stock.

*The judgment is affirmed.*