ELLIS JONES DRUG CO. *v.* WILLIAMS.*

(Division A. May 4, 1925.)

[103 So. 810. No. 24704.]

CORPORATIONS. *Recovery cannot be had on note given for stock in corporation by either payee or purchaser thereof with notice.*

A note given for stock in a corporation, in violation of section 921, Code of 1906 (Hemingway's Code, section 4095), which prohibits the taking of a note in payment of stock in a corporation, cannot be recovered on by the payee therein or a purchaser thereof with notice.

---

*Headnote 1. Corporations, 14 C. J., Section 818.

APPEAL from circuit court of Sunflower county.
HON. S. F. DAVIS, Judge.

Action by the Ellis Jones Drug Company against J. A. Williams. From a judgment for the defendant, plaintiff appeals. Affirmed.

*Somerville & Somerville,* for appellant.

Brief of the appellant in response to the suggestion of the court in banc, that section 921, Code 1906, section 4095, Hemingway's Code, stands at the threshold of this case. Said section reads: "A note, obligation, or security of any kind given or transferred by any subscriber for stock in any corporation shall not be considered, taken or held as payment of any part of the capital stock of the company."

The effect of this statute is discussed in *Allen* v. *Edwards,* 47 So. 382. See *Schereck* v. *Montgomery,* 81 Miss. 437, 33 So. 507, "The purpose of these statutes and of section 850 (section 921, Code 1906) is perfectly plain. They were all enacted for the purpose of protecting the depositors and creditors. They were not passed with

any view of benefiting a defaulting stockholder. They had no aspect that way, but looked wholly to the security of depositors and protection of creditors."

Cases similar to this are found in our reports for many years heretofore, and the court has continuously construed this section for the benefit of creditors. *Saffold v. Barnes,* 39 Miss. 399. Another Mississippi case of interest is *Payne* v. *Bullard,* 23 Miss. 88, in which the appellant was a subscriber for stock in the Hernando R. R. & Banking Company.

The second edition of Thompson on Corporations, section 624, in discussing conditional, subsequent or special terms under which subscriptions are made, devotes a paragraph to the subject of giving a note for subscription as a waiver of conditions. Section 629, of the same work discusses stipulations which violate the charter or statutory provision, and says the general rule is that the subscription is binding on a subscriber, and that the stipulations can neither be set up as a defense to an action on the subscription, nor can they be made the foundation of an action against the corporation. Section 633, discusses the right of a subscriber to defend on parole or secret conditions, and states the rule to be well settled, that the subscriber would not be permitted to plead such an agreement; parole evidence is not admissible to vary the terms of the note, and parole evidence is inadmissible to show payment, or discharge in any manner other than that required by the terms of the subscription. The author cites *Miss. C. R. R.,* 32 Miss. 347; *Walker* v. *Mobile,* 34 Miss. 245; *Saffold* v. *Barnes,* 39 Miss. 399; *Ellison* v. *Mobile,* 36 Miss. 572. The author says where a subscription contract is absolute in its face, parole evidence of contemporaneous terms is not admissible to vary the terms of the note.

Mr. Thompson, in section 634, gives numerous illustrations of secret conditions which the subscriber cannot plead when sued on the subscription. See also *Zang* v. *Adams* (Colorado), 58 A. S. R. 251.

The court will remember that Dr. Green testified he was President of a bank, and certainly if the appellee did not anticipate that his note might be used by Caulfield, Dr. Green, as an experienced banker, when Mr. Williams asked about the note, realized fully the importance of exercising every precaution to notify the public of any parole secret agreement in regard to his note. This not being done, and the appellant having taken the note for a valuable consideration, without notice of any defect, and having granted further credit upon this note, the court cannot release Mr. Williams. *Bosher* v. *Richmond,* etc. (Va.), 37 A. S. R. 883; *Thompson* v. *Reno Bank* (Nevada), 3 A. S. R. 799.

Stockholders become such by original subscription, by purchase from the corporation, or by subsequent transfer from stockholders. The authorities hold that parties who subscribe for stock are equally liable for unpaid subscription, or by transfer from a stockholder. It is equally as well settled that the promise to pay the unpaid balance need not necessarily be in writing, nor is a certificate in favor of the original subscriber, or a new certificate in favor of the subsequent purchaser necessary. It is immaterial that such subscriber never participated in any of the business meetings of the corporation. In this connection, it is interesting to examine *Upton* v. *Tribilcock,* 91 U. S. 45.

Among many authorities examined in preparing this brief, we find *Parker* v. *Thomas* (Indiana), 81 A. D. 385, referred to very frequently, but we do not quote from the opinion, because it is in accord with citations in cases in which we find the facts are more in accord with the facts in this case. However, the note on page 402 gives many authorities on the proposition that the subscriber to stock in a corporation is by his subscription estopped from denying the existence of the corporation in an action against him on his subscription, or a note given for the same. The case of *Allen* v. *Edwards,* cited by us, shows the rule in Mississippi to be well established, and entirely

in accord with this doctrine. See also *Wilson* v. *Hundley* (Va.), 70 A. S. R. 839.

Rowley on Partnerships, at page 1444, says: "If subscriber assumes a several obligation, and is bound to pay, the undertaking is tri-lateral between the individual subscriber and company and other subscribers, and though fraudulent as between these, it may be enforced for the benefit of a third party. This rule is sustained by the decision of *Altoona, etc.* v. *Armstrong,* 38 P. A. Sup. 350.

Our court has recognized the announcement of the law made in our brief, and even gone further. *First National Bank* v. *Pearson,* 68 So. 921; *Kimbrough* v. *Davies,* 61 So. 697. We respectfully submit and urgently insist that section 4095 of the Code quoted above sustains the claim of the appellant in every detail, and to follow this section, it is necessary that the case be reversed and judgment entered for the appellant.

*W. P. Searcy* and *Ed. Franklin,* for appellee.

The court asks for a brief on section 4095, Hemingway's Code, addressed to the effect, if any, this section has upon this case. The court will observe that this is a suit, one of a number of kindred suits, filed in the circuit court of Sunflower county, against appellee, *et al.,* seeking to recover on a note supposed to have been given for stock in the proposed corporation, The Drew Drug & Chemical Company. In fact the record shows that it is written in the face of each note: "For Stock in Said Corporation." We take the position that in view of the words so written in the face of the note, showing it to be in violation of this section of the code, that plaintiff is barred in its right to recover, by virtue of the provisions of this section.

Of the numerous cases cited by appellant, not a single case is in point here for the reason that the question here presented was not involved in any of the cases cited, neither was there a kindred question presented.

We maintain that in view of this section of the code, which prohibits the taking of notes for stock in corporations, and in view of the further facts as found by the jury, that is that appellant was not a holder in due course, and for value without notice, and in view of all the facts as disclosed by the record, this court should not and we think will not, hesitate to affirm this case. We are frank to admit that if the appellant had been a holder in due course, and if the note in question had ever been delivered, and if the corporation had in fact been organized, and was a defunct corporation, then there would be some merit in the contention of appellant, but as the record now stands, all of the argument of counsel and all of the cases cited, are based on the false and erroneous assumption that there was in fact a making and delivery of the note, and that there was in fact a *de facto* corporation at least, all of which being untrue their arguments and their cases cited have no application to this case.

Argued orally by *A. D. Somerville,* for appellant, and *Ed. Franklin,* for appellee.

SMITH, C. J., delivered the opinion of the court.

The appellant sued the appellee upon a promissory note executed by him to the Drew Drug & Chemical Company, of which the appellant claims to be the holder in due course, and from an adverse judgment has brought the case to this court.

In 1920 several persons, among whom was the appellee agreed to organize a corporation to be known as the Drew Drug & Chemical Company, for the purpose of engaging in the drug business at Drew, Miss., of which Caulfield was to be the manager. In order to simplify the matter, each of these persons executed promissory notes payable to the proposed company, covering the amount of stock subscribed for by him therein, and de-

livered them to Green, who was actively engaged in organizing the corporation, with the understanding that they were to be returned to the makers thereof in event the corporation should not be organized. A charter for the corporation was obtained, but on account of adverse business conditions the proposed incorporators decided to defer organizing the corporation, with the result that it was never organized.

Caulfield opened a drug business of his own at Drew, under the name of Drew Drug & Chemical Company, with some sort of an understanding with Green that it would be taken over by the corporation in event it should be organized. The notes executed for stock in the proposed corporation were left by Green with Caulfield for safe keeping. Caulfield became indebted to Ellis Jones Drug Company, and delivered these notes to it as security therefor, and for a small additional credit. According to the evidence for the appellee, the appellant knew at the time it received the notes that the corporation had not been, and probably would not be, organized. The appellant denied having any such knowledge.

One of the appellant's contentions is that all of this evidence as to the nonexistence of the corporation is incompetent, under section 60 of the Negotiable Instruments Law, chapter 244, Laws of 1916 (Hemingway's Code, section 2638), which provides that:

"The maker of a negotiable instrument by making it engages that he will pay it according to its tenor, and admits the existence of the payee and his then capacity to indorse."

The meaning of this statute and its effect here are wholly immaterial. The note here in question is payable to "Drew Drug & Chemical Company," and recites on its face that it was given "for five shares of stock in the above company." Section 921, Code of 1906 (Hemingway's Code, section 4095), provides that:

"A note, obligation, or security of any kind given or transferred by any subscriber for stock in any corpora-

tion shall not be considered, taken, or held as payment of any part of the capital stock of the company.''

The taking of this note therefore is expressly prohibited by statute, and of itself alone confers no right upon the maker against the corporation even had it come into existence (*Alford* v. *Laurel Improvement Co.*, 86 Miss. 375, 38 So. 548), nor on the corporation against the maker, for ''commercial paper cannot be based on any consideration expressly forbidden by a statute.'' 8 C. J. 243; *Montjoy* v. *Delta Bank*, 76 Miss. 402, 24 So. 870.

We are not here concerned with, and of course express no opinion on, the validity of a subscription to stock for which the corporation has accepted a promissory note in payment (*Hayne* v. *Beauchamp*, 5 S. & M. 515; *Allen* v. *Edwards*, 93 Miss. 719, 47 So. 382); with the validity of a promissory note discounted by a corporation and the proceeds thereof applied to the payment of stock in the corporation (*Hayne* v. *Beauchamp*, 5 S. & M. 515; *Lewis* v. *Roberts*, 13 S. & M. 558; *Hepburn* v. *Kincannon*, 74 Miss. 691, 21 So. 569); with the right of a subscriber to recover from a corporation or its receiver the amount of a promissory note transferred to the corporation in payment for stock therein and afterwards collected by the corporation or its receiver (*Allen* v. *Edwards*, 93 Miss. 719, 47 So. 382); nor with the validity of a promissory note executed to a corporation for stock therein, the charter of which or a statute provides that it shall not commence business until its capital stock or a specified amount thereof shall be paid (*Hayne* v. *Beauchamp*, 5 S. & M. 515; *Hepburn* v. *Kincannon*, 74 Miss. 691, 21 So. 569).

Whether a *bona-fide* purchaser of such a note without notice that it was given for stock in a corporation can collect it is not here involved, and we express no opinion thereon.

*Affirmed.*