RIDDELL *et al. v.* TALLAHATCHIE HOME BANK.

(Division B. March 23, 1930.)

[133 So. 128. No. 29300.]

Frank E. Everett and Oscar B. Townsend, both of Indianola, for appellant.

Denman & Breland, of Sumner, for appellee.

Griffith, J., delivered the opinion of the court.

Appellants executed their three promissory notes in the principal sum of $500 each, payable to bearer. The notes do not disclose on their faces for what they were given, but it is shown by the evidence that they were for the purchase price, in part, of certain stock in a foreign corporation; and it is further shown that the said foreign corporation had not, at the time of the sale of the stock aforesaid, complied with the so-called Blue Sky Law of this state (Code 1930, sections 4178-4198). Before the maturity of said notes, they were transferred by the original holder thereof to N. R. Rice, the latter being then and at all times since, the president of appellee bank; and later, but before maturity, the said notes were sold and transferred for cash by said Rice to appellee bank.

It is alleged that Rice, the president of appellee bank, knew of the asserted invalidity of said notes, that is to say, that they were taken in violation of the said Blue Sky Law, and the knowledge of the said president is, therefore, attempted to be imputed to appellee bank. The proof shows that in the transaction, wherein the bank purchased the notes, the bank was represented by, and acted solely through, an executive committee of three directors of the bank, of which committee the president was not a member; that the president had no part in behalf of the bank in the acceptance of said notes, and in the purchase thereof, by the bank; that the alleged information possessed by the said president was not communicated by him to the said discount committee; and that said committee did not otherwise know or have notice of said asserted invalidity, if any there were.

In a case such as above stated, the knowledge of the president does not become notice to, or the knowledge of the bank. Cooper v. Robertson Investment Co., 117 Miss. 108, 77 So. 953; National Bank v. Feeney, 9 S. D. 550, 70 N. W. 874, 46 L. R. A. 732; First National Bank v. Lee-

ton & Bro., 131 Miss. 324, 95 So. 445, 448. And in the latter case it is also held that the violation of the Blue Sky Law does "not constitute a defense to a negotiable instrument in the hands of an innocent purchaser for value without notice." See also Brannan Negotiable Instruments, pp. 382, 383, 432.

Affirmed.