## ALDRICH *v.* RICE.

(Division B.   Jan. 4, 1932.)

[138 So. 570.   No. 29678.]

**V. D. Rowe,** of Winona, for appellant.

W. T. Knox, of Winona, and Denman & Breland, of Sumner, for appellee.

Argued orally by **V. D. Rowe**, for appellant.

**Anderson, J.,** delivered the opinion of the court.

Appellee brought this action against appellant in the circuit court of Montgomery county to recover the sum of four hundred dollars, with interest, and attorneys' fees, on a promissory note executed and delivered by appellant to the Keystone Cotton Oil Company, a corporation, in part payment of his subscription to stock in the corporation. At the conclusion of the evidence, the court directed a verdict for appellee in the amount sued for, and judgment was entered accordingly. From that judgment, appellant prosecutes this appeal.

The facts in the case are undisputed; therefore either appellant or appellee was entitled to a directed verdict. Appellant executed a series of five promissory notes for four hundred dollars each, payable to the Keystone Cotton Oil Company, in payment of certain shares of the capital stock of that corporation. Attached to the notes were the stock certificates, as collateral security for the payment of the notes. Shortly after the execution of the notes, and before their maturity, the corporation transferred them to the appellee for value. Appellee, at the time of his purchase of the notes, knew that they were given by appellant in payment of his subscription to capital stock in the corporation. The note first becoming due was paid by a dividend declared by the corporation; the next two notes coming due were paid by appellant. When the fourth note became due, appellant declined payment, and this suit was brought on that note.

Appellant defended the action on two grounds: (1) That the notes were void and unenforceable because executed in violation of section 4148 of the Code of 1930; (2) failure of consideration.

Section 4148 of the Code of 1930 is in this language: "A note, obligation, or security of any kind given or transferred by any subscriber for stock in any corpora-

tion shall not be considered, taken, or held as payment of any part of the capital stock of the company.''

Ellis Jones Drug Co. v. Williams, 139 Miss. 170, 103 So. 810, is decisive of this cause in appellant's behalf under the first ground of defense. In that case, it was held that a note given for stock in a corporation in violation of section 921 of the Code of 1906, of which section 4148 of the Code of 1930 is a rescript, which prohibits the taking of a note in payment of stock in a corporation, cannot be recovered on by the payee therein, or a purchaser thereof with notice.

It is true that the corporation issuing the stock in that case was never organized, and it was an issue of fact whether the purchaser of the note sued on knew at the time he purchased the note that the corporation had not been, and probably never would be, organized. But the court, in its opinion, proceeded upon the assumption that the purchaser of the note was not aware of that fact. In other words, the court, in deciding the case, treated the note involved as being in payment of capital stock in an organized corporation, and held that such a note in the hands of a purchaser for value before maturity, with notice of the consideration for the note, could not recover thereon; that the taking of the note was expressly prohibited by the statute, and conferred no rights upon the maker against the corporation, even if the corporation had come into existence; citing Alford v. Laurel Improvement Co., 86 Miss. 375, 38 So. 548; nor conferred any right on the corporation against the maker of the note, because ''commercial paper cannot be based on any consideration expressly forbidden by a statute,'' citing Montjoy v. Delta Bank, 76 Miss. 402, 24 So. 870; 8 C. J. 243. And in its opinion, the court distinguished that case from Hayne v. Beauchamp, 5 Smedes & M. 515; Allen v. Edwards, 93 Miss. 719, 47 So. 382; Lewis v. Robertson, 13 Smedes & M. 558; and Hepburn v. Kincannon, 74 Miss. 691, 21 So. 569.

An action to recover on such a note on behalf of the creditors, where the corporation is insolvent, presents a very different question from that here involved. This is illustrated in Allen v. Edwards. In that case, the court said that the statute was intended to secure the corporation and its creditors. That was a suit by the receiver of the corporation on behalf of its creditors. The court, in effect, held that, where the action on a note given in violation of the statute is on behalf of the creditors of the corporation, the maker of the note is estopped to set up the statute as a defense. They have nothing to do with a case where the action is by the corporation itself on the note, or by a subsequent holder of the note with notice that it was given in violation of the statute. Creditors, dealing with a corporation, have the right to assume that the subscribers to its stock have paid their subscriptions either in cash or its equivalent; and, where their rights are concerned, stockholders are estopped from contending otherwise. Persons will not be permitted to set up a going corporation, pretending to be legal stockholders therein when in fact they are not, thereby inviting the extension of credit to the corporation, and thereafter defeat the rights of its creditors upon the ground that the company was not legally organized, because they had not paid for their stock. Such a state of facts constitutes an estoppel against the stockholder, in that they thereby admit as a fact that which is inconsistent with the claim on which they are afterwards sued, and upon the faith of the truth of which admission credit has been extended to the corporation, and there is injury to the creditors if the stockholders are permitted to contradict or repudiate such admission of fact. Davis v. Butler, 128 Miss. 847, 91 So. 279, 709; Canal-Commercial Trust & Sav. Bank v. Brewer, 143 Miss. 146, 108 So. 424, 47 A. L. R. 45; Staton v. Bryant, 55 Miss. 261; Hart v. Foundry Co., 72 Miss. 809, 17 So. 769.

Appellee contends that appellant is estopped to set up the defense that the note was taken in violation of the statute, because he attended a stockholders' meeting of the corporation, and received a dividend on his stock. Those facts do not constitute an estoppel, as defined by the authorities last above cited. There is nothing in the record in this case to show that the fact that appellant received a dividend on his stock, and attended a stockholders' meeting, induced appellee to purchase the notes, or in anywise misled him in reference thereto. On the contrary, the evidence showed that at the time appellee purchased the notes appellant had received no dividend on his stock, and had not attended any meeting of the stockholders of the corporation. And, as stated, appellee knew at the time he purchased the note that the consideration therefor was stock in the corporation. Certainly there is not the concurrence of the necessary elements of estoppel in that state of facts.

It results from these views that appellant was entitled to a directed verdict instead of appellee.

Reversed, and judgment here for appellant.