GORDIN *v.* BANK OF FOREST.

(Division B. March 19, 1934.)

[153 So. 375. No. 31111.]

Suggestion of error overruled April 30, 1934. 154 So. 341.

Wells, Wells & Lipscomb, of Jackson, for appellant, and Robertson & Campbell, of Jackson, amicus curiae.

**Wm. I. McKay**, of Vicksburg, and **O. B. Triplett, Jr.**, of Forest, for appellee.

**Griffith, J.**, delivered the opinion of the court.

Appellant gave a note for five hundred dollars for stock subscription in a corporation. This note was, before its maturity, transferred to appellee for full value without notice. Appellant declined to pay the note, and defended under section 4148, Code 1930, which reads as follows: "A note, obligation, or security of any kind given or transferred by any subscriber for stock in any corporation shall not be considered, taken, or held as payment of any part of the capital stock of the company."

The exact question for decision is whether an innocent holder for value paid before maturity of a note of this character may recover upon it. Appellant cites Ellis Jones Drug Co. v. Williams, 139 Miss. 170, 103 So. 810, and Aldrich v. Rice, 161 Miss. 879, 138 So. 570, but in these two cases the point stated was not decided. Also appellant relies upon the long line of cases wherein privilege licenses were not paid, or where the notes were given in future transactions, or for the purchase of intoxicating liquors and the like, in all of which the statute expressly or by inescapable implication declared the note or obligation to be absolutely void. Appellant cites also several cases taken from the Texas Court of Civic Appeals.

The precise question has not often been before courts of last resort. The state of the authorities is shown in the annotation to Washer v. Smyer, 4 A. L. R. 1320-1330, in which case the stated question was answered by the Supreme Court of Texas in the affirmative. We are in accord with the reasoning applied in Washer v. Smyer, 109 Tex. 398, 211 S. W. 985, 4 A. L. R. 1320, and have arrived at the same conclusion.

Affirmed.

**Anderson, J.,** delivered the opinion of the court on suggestion of error.

The opinion handed down in this case is supported by Riddell et al. v. Tallahatchie Home Bank, 160 Miss. 141, 133 So. 128, and Tallahatchie Home Bank v. C. H. Aldridge (Miss.), 153 So. 818 (not yet reported [in State Report]). Those cases are squarely in point; they hold that a violation of the Blue Sky Law (the giving of negotiable notes for stock in a corporation) was no defense to such notes in the hands of an innocent purchaser for value without notice.

The facts in the case of Mitchell v. Campbell, 111 Miss. 806, 72 So. 231, 233, arose before the Negotiable Instruments Act was adopted (chapter 244, Laws 1916), therefore the anticommercial statute, section 4001, Code 1906, applied and not the Negotiable Instruments Act. That is what the court meant in using this language in the opinion: "In fact, no point is made that appellant as assignee has any greater rights than his assignor would have."

Suggestion of error overruled.