## Frazier *v.* Zachariah *et al.*

(Division ᴬ. Jan. 6, 1936. Suggestion of Error Overruled Jan. 20, 1936.)

[164 So. 893. No. 31878.]

Maynard, FitzGerald & Venable, of Clarksdale, for appellant.

Neill & Clark and Allen & Allen, all of Indianola, for appellees.

**Cook, J.**, delivered the opinion of the court.

T. A. Frazier, trustee in bankruptcy of Gilmer Grocery Company, a bankrupt corporation, brought two suits in

the circuit court of Sunflower county, one against Mrs. Joe Zachariah, and the other against Mrs. M. E. Gilmer, for a balance alleged to be due by each of these defendants for stock in said corporation. The declaration in each case was in two counts, the first being for the amount of the stock subscription as such, and the second on a promissory note executed for the balance due on said stock. By agreement the two cases were consolidated and heard as one, the facts being identical except as to the amounts sued for and the number of shares for which the notes were given.

On February 13, 1928, the Gilmer Grocery Company, by its president, forwarded a letter to its stockholders notifying them that an increase of the company's capital stock had been authorized, under a plan whereby each stockholder would be expected to take an additional share for each share then owned by such stockholder, while an additional one hundred thousand dollars worth of stock would be sold to employees of the company and the general public. In the plan thus outlined to the stockholders, it was provided that in order that they would receive the benefit of the premium that their stock was then worth, a stock dividend of fifty per cent of the then outstanding stock would be declared, leaving to be paid for only fifty per cent of the new stock to be issued to each stockholder, and further that: "Should any particular stockholder feel that he is not financially able to pay cash for his stock, we would accept his note with the new stock as collateral with the understanding, and inserting the same on the face of the note, that the dividends from all of that stockholder's stock be applied against the payment of this note and the balance of note to be renewed from year to year, until the dividends pay it out, the note to carry 8% interest."

The defendants herein accepted this proposal, and each of them executed a promissory note for the balance due on the purchase price of the stock allotted to her, and

the stock was issued and attached to the notes as collateral security therefor, the notes reciting the following: "Secured by Gilmer Grocery Company stock certificate (giving the number of the certificate and number of shares in each case) attached. The maker hereby agrees to apply all of his or her dividends from Gilmer Grocery stock of record as of this date in payment of this note, and Gilmer Grocery Company agrees to renew the balance from year to year until paid."

The note executed by Mrs. M. E. Gilmer and sued on herein is for five thousand dollars, dated January 1, 1930, due December 1, 1930, and bearing interest at eight per cent per annum, and providing for ten per cent attorney's fee if placed in the hands of an attorney for collection, while the stock certificate attached thereto and made an exhibit to the declaration is for one hundred shares of the par value of one hundred dollars per share. The note of Mrs. Joe Zachariah herein sued on is for the sum of one hundred ninety-nine dollars and sixty cents, with the same provisions for interest and attorney's fee, and there is attached thereto as collateral security a certificate for twenty-two shares of stock in the Gilmer Grocery Company.

To the declaration the appellees pleaded the general issue to both counts and gave notice thereunder in defense, (1) the stipulation in the notes that they would be renewed and paid by application of dividends, (2) that the notes had been paid from dividends, (3) an agreement that there was to be no personal liability, and (4) that the stock represented accumulated profits and was not to be paid otherwise. Appellees also filed special pleas of nil debit; lack of consideration; three-year statute of limitation, applicable only to count 1; the statute of frauds relating to sale of personal property, applicable only to count 1; that the subscription of stock and execution of the notes were conditioned on being paid out of dividends, and consequently bankruptcy of the corpora-

tion discharged the obligation since dividends could not be earned or applied; plea of non est factum sworn to, and that the notes were illegal and unenforceable as being in violation of section 4148, Code of 1930.

The material facts are without substantial dispute. The evidence shows that the appellees executed the notes sued on for balances due on their stock subscriptions, the stock certificates being issued and attached to the notes as collateral. On the 26th day of December, 1933, the board of directors of the Gilmer Grocery Company passed a resolution declaring that on account of losses, pending suits, judgments against it, and the financial depression it was unable to pay its debts, and directing that a petition in bankruptcy be filed, with the request that adjudication be stayed pending the acceptance of an offer of ten per cent net composition, and declaring further that if the composition be rejected the corporation recognized its insolvency and agreed to an adjudication in bankruptcy. The petition in bankruptcy was filed on December 27, 1933, and on December 31, 1933, a final statement, with the ten per cent offer of composition, was mailed to the creditors of the corporation, and on this statement "notes for stock, deferred payments, $97,547.64," were carried as assets. J. W. Gilmer, Jr., president of the bankrupt corporation, testified that from November 30, 1933, to the date of filing the petition in bankruptcy, purchases were made only for cash or its equivalent, and the company's bills payable were not increased, while the company's bookkeeper testified that there was no substantial change in its financial condition between November 30, 1933, and the date of the filing of the petition, and that the bankruptcy schedules showed debts of three hundred thirty-two thousand eight hundred fifteen dollars, and assets of one hundred seventy-one thousand seven hundred seven dollars and eighty-one cents. On January 24, 1934, the

Gilmer Grocery Company was duly adjudicated bankrupt, and the appellant was elected and qualified as trustee.

On November 30, 1933, at a time when it clearly appears that the said company was hopelessly insolvent, J. W. Gilmer, Jr., president of the company, without any order or authority so to do, voluntarily canceled the appellees' notes and surrendered the same to them, and canceled their stock certificates to the extent of the unpaid balance due therefor. Creditors of the corporation at the time it was adjudicated a bankrupt became such after the execution of the notes by the appellants. At the conclusion of the evidence each party requested a peremptory instruction, and the instruction requested by the appellees was granted.

The entire argument of appellees in support of the judgment of the court below seems to be based upon the theory that the trustee in bankruptcy was vested only with the rights and title of the bankrupt, and since, under the agreement recited on the face of the notes, followed by the cancellation and surrender thereof, the Gilmer Grocery Company had no cause of action on the stock subscriptions or notes, the trustee has none. In line with this argument, it is further contended that the provision of section 4153, Code of 1930, that "in all corporations each stockholder shall be individually liable for the debts of the corporation contracted during his ownership of stock, for the amount or any balance that may remain unpaid for the stock subscribed for by him, and may be sued by any creditor of the corporation," is but a statutory right given to creditors of the corporation and does not inure to the trustee.

In the original Bankruptcy Act (section 47a(2) ), title 11, U. S. C. A., section 75, note, provided that trustees should "collect and reduce to money the property of the estates for which they are trustees, under the direction of the court, and close up the estate as expeditiously

as is compatible with the best interests of the parties in interest.'' By the act of June 25, 1910, section 8, the said subdivision a, clause (2) of the said section 47, was amended so as to read as follows: ''(2) Collect and reduce to money the property of the estates for which they are trustees, under the direction of the court, and close up the estate as expeditiously as is compatible with the best interests of the parties in interest; and such trustees, as to all property in the custody or coming into the custody of the bankruptcy court, shall be deemed vested with all the rights, remedies, and powers of a creditor holding a lien by legal or equitable proceedings thereon; and also, as to all property not in the custody of the bankruptcy court, shall be deemed vested with all the rights, remedies, and powers of a judgment creditor holding an execution duly returned unsatisfied.'' 11 U. S. C. A., section 75(a)(2).

By this amendment the powers and duties of bankruptcy trustees were very materially enlarged. A trustee in bankruptcy represents both the bankrupt and his creditors, and has the same rights and may pursue the same remedies in behalf of creditors as they would have been entitled to if there had been no adjudication in bankruptcy. Hoskins v. Johnston, 205 Iowa, 1333, 219 N. W. 541. Creditors' rights which are enforceable under state laws accrue to a trustee in bankruptcy. Dean v. Shingle, 198 Cal. 652, 246 P. 1049, 46 A. L. R. 1156. In Campbell v. Chapman (Miss.), 31 So. 101, it was held that it was the duty of a receiver of a defunct corporation to collect the unpaid subscriptions to its capital stock, which becomes a trust fund in his hands for the benefit of creditors of the insolvent corporation; and in Kimbrough v. Davies, 104 Miss. 722, 61 So. 697, 698, the court said: ''The capital stock of a corporation is a fund set apart, among other purposes, for that of paying the debts of the corporation; and whether or not it be a trust fund, impressed with all of the attributes of such a fund, it seems to be

universally held, upon sound and plain principles of common honesty, that it cannot be withdrawn by the stockholders until all of the debts then owing by the corporation have been paid.''

Section 4148, Code of 1930, provides that a note, obligation, or security of any kind given or transferred by any subscriber for stock in any corporation shall not be considered, taken, or held as payment of any part of the capital stock of the company. In considering the effect of this statute in Jones Drug Co. v. Williams, 139 Miss. 170, 103 So. 810, the court held that a note given in violation of this statute conferred no right on the corporation against the maker thereof, because ''commercial paper cannot be based on any consideration expressly forbidden by a statute;'' but in Allen v. Edwards, 93 Miss. 719, 47 So. 382, and again in Aldrich v. Rice, 161 Miss. 879, 138 So. 570, the court held that a defaulting subscriber to stock was estopped to set up this statute in defense of an action on behalf of creditors of the corporation.

Section 4153, Code of 1930, provides that each stockholder of a corporation ''shall be individually liable for the debts of the corporation contracted during his ownership of stock, for the amount or any balance that may remain unpaid for the stock subscribed for by him, and may be sued by any creditor of the corporation,'' and we are of the opinion that the trustee in bankruptcy herein, as the representative of the creditors of the bankrupt corporation, can maintain suit on the notes executed for the balance due on appellees' subscriptions for stock in the corporation unless prevented from so doing by reason of the point herein next to be discussed.

It is contended that on account of the attempted cancellation of the notes and stock for which they were executed, and the surrender of the notes to appellees, the legal title to the debts and notes passed out of the insolvent corporation, and since the legal title was not vested in the corporation at the date of the adjudication

of bankruptcy it did not pass to the trustee, and consequently no action can be maintained thereon by the trustee until he shall have first proceeded in equity to have this transaction between the insolvent corporation and its stockholders set aside and the debts and notes sued on re-established.

The president of the bankrupt corporation voluntarily canceled the notes and surrendered the same on November 30, 1933, at a time when, as shown by the evidence, the corporation was hopelessly insolvent. The cancellation and surrender of these notes was the act solely of this officer of the corporation without the attempted authorization of the board of directors. The capital stock of a corporation constitutes "the means of the company, on the faith of which credit is given," Vick v. LaRochelle, 57 Miss. 602, and section 4149, Code of 1930, provides that: "No part of the capital stock in any corporation shall be withdrawn or diverted from its purpose, nor a dividend declared, when the company is insolvent, or would be rendered insolvent by such withdrawal on the payment of such dividend; and the directors who assented to such withdrawal, or declared and paid such dividend, as well as the stockholders who received it, shall be jointly and severally liable to creditors whose debts then existed, to the extent of such withdrawal or dividend and interest." The act of the president of the insolvent corporation in attempting to withdraw this stock and divert it from its purpose at a time when the company was insolvent was wholly ineffectual to discharge or release the liability of appellees for the balance due for such stock.

We conclude, therefore, that the peremptory instruction requested by appellant should have been granted, and the judgment of the court below will be reversed, and judgment entered here for the amount of the notes with interest and attorney's fees.

Reversed, and judgment here for appellant.