### GRAVES, Inc. v. COMMISSIONER OF INTERNAL REVENUE.

No. 14092.

United States Court of Appeals Fifth Circuit.

Feb. 27, 1953.

Rehearing Denied March 26, 1953.

William Saunders Henley, Hazlehurst, Miss., for petitioner.

George F. Lynch, S. Dee Hanson, Sp. Assts. to Atty. Gen., Charles S. Lyon, Asst. Atty. Gen., Ellis N. Slack, Acting Asst. Atty. Gen., Mason B. Leming, Acting Chief Counsel, Bur. Int. Rev., and Claude R. Marshall, Sp. Atty., Washington, D. C., for respondent.

Before HUTCHESON, Chief Judge, and STRUM and RIVES, Circuit Judges.

RIVES, Circuit Judge.

Only a few of the facts fully stated in the report of the opinion of the Tax Court, 16 T. C. 1566, need be repeated here. The authorized capital stock of Graves, Inc., a corporation organized under the laws of Mississippi, was increased early in 1943 from $10,000.00 to $100,000.00. On April 8, 1943, $40,000.00 of the additional stock was issued to Mrs. Viola Graves, and $50,000.00 to Mrs. Margaret W. Graves. Payment for the stock was made in the following manner. The two Mrs. Graves each executed and delivered two promissory notes to the Sopaco Finance Company, hereinafter called Sopaco. The two notes of Mrs. Viola Graves were each in the amount of $20,000, and those of Mrs. Margaret W. Graves were in the amount of $25,000. All four notes were due and payable January 1, 1944, and carried interest at 6% per annum. The stock issued by Graves, Inc. was pledged as security. Sopaco, in turn, executed and delivered to Graves, Inc. three promissory notes, payable on demand, each in the amount of $30,000 and bearing interest at 2%. Sopaco and its successor, the Wilson Investment Company, had sufficient cash and liquid assets to pay the three $30,000 demand notes at any time that Graves, Inc. may have requested. Each year the Wilson Investment Company paid Graves, Inc. the interest due on the three demand notes, and dividends were paid on the additional stock issued to the two Mrs. Graves.

At a stockholders' meeting held on March 13, 1946, a reduction of $70,000 in the outstanding capital stock of Graves, Inc. was authorized. The two Mrs. Graves surrendered for cancellation the $90,000 par value of stock certificates that had been issued to them, and each received a new certificate for $10,000 par value of stock.

On March 20, 1946, Graves, Inc. returned to the Wilson Investment Company the three $30,000 demand notes. No part of the principal amount of these notes had been paid. Thereupon, the Wilson Investment Company returned to the two Mrs. Graves the promissory notes they had executed and delivered to Sopaco, which notes were due and payable on January 1, 1944, but no portion of the principal amount of which had been paid.

The Tax Court held that the $90,000 covered by the notes of Sopaco to Graves, Inc. was not invested capital under Section 718 of the Internal Revenue Code, 26 U.S.C.A. § 718, or a capital addition under Section 713, 26 U.S.C.A. § 713, for purposes of computing the excess profits credit.

With convincing logic, the petitioner urges upon us that the Tax Court's opinion is based upon hindsight rather than upon the foresight of a reasonably prudent business man who would have anticipated that the increase in capital stock was required for the additional lines of business that were contemplated, and that the additional capital was prudently invested.

██ Before reaching that insistence, however, the respondent urges upon us a proposition raised but not passed on in the Tax Court, and nevertheless properly presented here in support of the Tax Court's decision. Hormel v. Helvering, 312 U.S.

552, 61 S.Ct. 719, 85 L.Ed. 1037; Helvering v. Gowran, 302 U.S. 238, 58 S.Ct. 154, 82 L.Ed. 224. That proposition is thus stated in the respondent's brief:

"Since the promissory notes given for the taxpayer's stock were specifically void under Mississippi law, the amount thereof may not properly be included in the taxpayer's equity invested capital for any purpose."

The Mississippi Code Annotated (1942) provides as follows:

"§ 5327. *Stock must be actually paid for.*—A note, obligation, or security of any kind given or transferred by any subscriber for stock in any corporation shall not be considered, taken, or held as payment of any part of the capital stock of the company."

The terms of the Mississippi statute seem plain and unambiguous. It inveighs against a note, obligation or security of any kind. It may seem inconsistent to permit a subscription for corporate stock to be paid in property, see Lea v. Cutrer, 96 Misc. 355, 51 So. 808, 27 L.R.A., N.S., 315, and yet to forbid its payment by a note, obligation, or security of any kind, words broad enough to include even government bonds. That is a matter, however, that addresses itself to the law making body of the State of Mississippi. It is not for us to gainsay the clear command of the statute evidently considered necessary by the Mississippi legislature to prevent watering of stock.

We turn to the construction of the statute by the Supreme Court of Mississippi. The intendment of the section is "that all stock must be fully and actually paid for". Alford v. Laurel Improvement Co., 86 Miss. 375, 38 So. 548. The payee of a note given in payment of stock in a Mississippi corporation cannot recover thereon, nor can a purchaser with notice. Ellis Jones Drug Co. v. Williams, 139 Miss. 170, 103 So. 810; Aldridge v. Rice, 161 Miss. 879, 138 So. 570; See Gordin v. Bank of Forest, 170 Miss. 56, 153 So. 375; Frazier v. Zachariah, 174 Miss. 378, 164 So. 893. The Mississippi statute applies to additional stock authorized and issued after the corporation has become a going concern. Mer-

chants Bank & Trust Co. v. Walker, 192 Miss. 737, 6 So.2d 107. Contrary to the rule prevailing in Texas [see Brownfield State Bank v. Hudson, Tex.Civ.App., 73 S.W.2d 140] and generally elsewhere, see 18 C.J.S., Corporations, § 242, p. 680, Note 31, the Mississippi statute applies where the note given for corporate stock is secured by collateral other than the stock itself. Merchants Bank & Trust Co. v. Walker, supra.

Turning to authorities outside of Mississippi, we note that the opinion in a Texas case, McCarthy v. Texas Loan & Guaranty Co., Tex.Civ.App., 142 S.W. 96, 99, draws a distinction, which, if valid in Mississippi, might apply to the facts of this case: "It is true a promissory note is 'property' in one sense of the word, as, for instance, when it is in the hands of a third person. It has frequently been so held; but, as between the original parties to the same, it is but a mere evidence of indebtedness * * *." Unfortunately, there is no Mississippi case directly in point. Indeed an annotation in 58 A.L.R. 708, 717 comments that the Texas case is the only one expressly drawing that distinction, though that case in turn is cited with approval in Sohland v. Baker, 15 Del.Ch. 431, 141 A. 277, 284, 58 A.L.R. 693 to the proposition that, "Unless prohibited by its charter, or some constitutional or legislative provision, a good and collectable note of a subscriber, as well as that of a third person, would be a good consideration for the issuance of stock in a corporation." We think that the Delaware Court has correctly stated a sound general proposition of law. See 1 Fletcher Cyclopedia, Corporations, Permanent Edition, Secs. 208, 216; 14 C.J. 439; 18 C.J.S., Corporations, § 242.

In Mississippi, however, any such construction seems foreclosed by the clear language of the statute covering "a note, obligation, or security of any kind", and more specifically whether "given or transferred" by any subscriber. The notes executed by Sopaco were *given* to Graves, Inc. by, or at the direction of, the subscribers. They were not *transferred* in writing, but were purchased from Sopaco by the subscribers, and at their direction made pay-

able to Graves, Inc. The transaction was the same in substance as if the Sopaco notes had been made payable to the subscribers and by them endorsed without recourse to Graves, Inc. Further, to apply the distinction drawn by the Texas case would hardly be consistent with the Mississippi ruling heretofore noted, different from the Texas law, that even a note secured by collateral other than the corporate stock cannot be used as payment for capital stock.

We conclude that the clear language of the Mississippi statute, in the light of its construction by the Supreme Court of Mississippi, requires us to hold that the notes of Sopaco in the amount of $90,000 given for the purchase of stock in Graves, Inc. were not legally enforcible obligations, and hence that they did not constitute invested capital under Section 718 of the Internal Revenue Code, 26 U.S.C.A. § 718, or a capital addition under Section 713, 26 U.S.C.A. § 713. The decision of the Tax Court is therefore

Affirmed.